LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* WINN.

Opinion delivered May 27, 1905.

STREET RAILWAY—EJECTION OF PASSENGER—DAMAGES.—Where the conductor of a street car, acting in obedience to the rules of the company as he understood them, wrongfully put off a passenger holding a transfer ticket because it had been issued over fifteen minutes, the company is liable to the passenger for actual damages suffered, but not for exemplary damages.

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Reversed in part.

*Rose, Hemingway & Rose, Cantrell & Loughborough,* for appellant.

The plaintiff was properly ejected if he did not take the first Highland Park car after receiving his transfer ticket. Booth, St. Rys. § 237; Nellis, do. 441. Punitive damages were improperly allowed. 53 Ark. 10; 65 Ark. 182; 67 Ark. 124; 69 Ark. 402; 70 Ark. 137; 147 U. S. 101; 63 Ark. 387. Damages which with due diligence he might have avoided are not recoverable. 47 Am. & Eng. R. Cas. 636; 4 Ry. Dig. 224, 229; 15 Fed. 58; 45 Ark. 524; 65 Ark. 182; 53 Ark. 17.

*Dan W. Jones* and *Arthur Neill,* for appellee.

Punitive damages were properly allowed. 40 Mass. 395; 27 Md. 277; 57 Miss. 759; 75 Mo. 319; 130 Mass. 443; 57 Me. 202; 32 N. J. L. 334; 36 N. H. 9; 22 Conn. 530; 19 Oh. St. 157; 74 Ala. 85; 72 Ill. 353; 1 Dillon, 568.

RIDDICK, J. This is an appeal from a judgment recovered by the plaintiff, Robert P. Winn, against the Little Rock Traction & Electric Company for damages which he claimed to have suffered by reason of the fact that a conductor on one of its cars refused to receive a transfer ticket which he presented and upon

his refusal to pay another fare compelled him to leave the car. It seems from the testimony that the transfer ticket had been delivered to plaintiff a half hour or so before he presented it for passage. ·But this was due to no fault of plaintiff, but to the fact that the car on which he presented it had been delayed, and was behind its scheduled time. As it was over fifteen minutes old, the conductor to whom it was presented for passage, acting on what he supposed to be the rules of the company, refused to receive it, whereupon the plaintiff refused to pay another fare, and was required to leave the car. He testified that the night was very cold, and that, by reason of having to stand on the street sometime longer, and to walk a part of the way home, his feet were frostbitten, and that he suffered considerably from the effects of such injury. The jury assessed the actual damages at one hundred dollars, and also allowed an additional one hundred dollars damages by way of exemplary damages.

After considering the evidence we are of the opinion that the evidence is sufficient to support the judgment as to actual damages, but there does not appear to be any evidence whatever to support the judgment for exemplary damages. The evidence shows that the conductor acted in obedience to the rules of the company as he understood them. He was guilty of no unnecessary rudeness, only stating to plaintiff that he could not accept the transfer as it was over fifteen minutes old, and that he would have to pay his fare or leave the car. We see nothing in this that entitles the plaintiff to exemplary damages.

The judgment is affirmed as to actual damages, but is reversed as to the exemplary damages, and the claim therefor dismissed.